## SWARTZ, Admr v SWARTZ et

Ohio Appeals, 6th Dist, Wood Co

No 511. Decided Nov 2, 1931

Arthur A. Swartz, Toledo, in propria persona.

Earl K. Solether, Bowling Green, for defendant in error.

RICHARDS, J.

The procedure is governed by §10861, GC, authorizing sureties of an administrator to make application to be released from the bond. Proper notice of such hearing was served on Swartz, but he failed to appear at the time fixed, and thereupon the probate court, on hearing, ordered that a new bond should be given at a date fixed. Thereafter the administrator, not having complied with the order by giving a new bond, the probate court without any further notice to him, ordered his removal for failure to comply with the order requiring such bond. This last order was made by virtue of §10862, GC, which provides that if the administrator fails to give the new bond as directed "he must be removed and his letters superseded." On appeal to the Court of Common Pleas, like orders were made.

It is urged by the plaintiff in error that the courts were powerless to order his removal without an additional notice being served on him. We do not so construe the statute. No reason is apparent why the probate court could not have made the original entry read that for failure to comply with the order of the court and give the new bond as ordered, he should stand removed as such administrator. That, however, was not in the order, but when the time had elapsed and no bond had been given, nothing remained for the probate court to do except to remove the administrator for failure to comply with the original order of the court.

It is urged that the matter is controlled by §10629, GC, but that section only applies to independent proceedings brought for the removal of an administrator or executor for habitual drunkenness, gross neglect of duty and certain other grounds enumerated therein. The section closes with the language "or for any other cause which in its

opinion renders it to the interest of the estate that such administrator or executor be removed." That section has no application to cases arising under 10862, GC.

We call attention to the fact that no bill of exceptions was taken, for which reason many of the matters upon which the plaintiff in error relies are not before this court.

Finding no error, the judgment will be affirmed.

LLOYD and WILLIAMS, JJ, concur.